FILED
United States Court of Appeals
Tenth Circuit

August 13, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEVEN D. BEEM,

      Plaintiff-Appellant,

v.

DALE A. DAVIS, D.D.S. - Doctor of
Dental Science, DDS., Correct Care
Solutions Medical Director in Topeka,
Kansas; FRED C. CANNON, D.D.S. -
Doctor of Dental Science, DDS.,
Correct Care Solutions Dental
Department Supervisor at El Dorado
Correctional Facility in El Dorado,
Kansas; WALTER J. KILCHER,
D.D.S. - Doctor of Dental Science,
DDS., Correct Care Solutions Dental
Department at El Dorado Correctional
Facility in El Dorado, Kansas,

      Defendants-Appellees.

No. 08-3019
(D.C. No. 5:04-CV-03180-JWL-JPO)
(D. Kan.)

**ORDER AND JUDGMENT**\*

Before **MURPHY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

---

\*      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Steven D. Beem, a Kansas inmate appearing pro se, appeals from the district court's order granting summary judgment to the defendants on his claims under 42 U.S.C. § 1983 for the alleged violation of his Eight Amendment rights. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In August 2003, Mr. Beem's upper dental plate was destroyed when he ran over it with his wheelchair. Prison policy was to replace dental plates for free once every five years. Because his plate was not that old, he was told that he would have to pay a lab fee of $111 for a replacement. Although Mr. Beem had more than $340 in his prison account, he waited to get fitted for a new plate until late February 2004, when his wife sent a check. He received his new dentures in April 2004. During the time he was without an upper plate, the defendants placed him on a special diet to ensure proper nutrition. It was also during this time that Mr. Beem began to complain about ear problems and a temporal mandibular jaw (TMJ) condition.

Mr. Beem's complaint alleges that the defendants violated the Eighth Amendment by their deliberate indifference to his serious medical needs. In particular, he claims that the delay in providing him with new dentures and improper treatment of his TMJ condition, resulted in eating difficulties, jaw pain and discomfort, tinnitus, and hearing loss.

"Summary judgment is appropriate in cases where the record discloses no genuine issue as to any material fact. In a deliberate indifference case under the Eighth Amendment, we look at the factual record and the reasonable inferences to be drawn from the record in the light most favorable to the non-moving party." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (internal citations and quotation marks omitted). Nonetheless, as the non-moving party, Mr. Beem was required to "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *Id*. Thus, he needed to present evidence that was "based on more than mere speculation, conjecture, or surmise." *Id*.

"[P]rison officials violate the Eighth Amendment's ban on cruel and unusual punishment if their deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Id*. (quotation marks omitted). However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition [does not] state a valid claim of medical mistreatment under the Eighth Amendment." *Id*.

We use "a two-prong inquiry, comprised of an objective and subjective component," *id*., to determine whether prison officials have been deliberately indifferent to a prisoner's serious medical needs. "Under the objective inquiry, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension. . . . [U]nder the subjective inquiry, the prison official

must have a sufficiently culpable state of mind.  *Id*. at 1230-31 (internal citation and quotation marks omitted).

Mr. Beem's first argument is that the prison's policy requiring him to pay a lab fee of $111 for replacement dentures is unconstitutional.  The cases he cites are inapposite, however, because this is not a situation where he was denied medical treatment because he was *unable* to pay; instead, he was responsible for the delay because he decided to wait for a check from his wife instead of using the money in his account.

He has also failed to meet the objective test of establishing that the delay in receiving a new upper dental plate resulted in sufficient harm to constitute a deprivation of constitutional dimension.  Although Mr. Beem claims that he could not eat as well without an upper plate, he was put on a special diet and was able to eat liquified foods.  Further, there is no evidence to support his claim that the delay in receiving new dentures exacerbated his TMJ condition.

Last, Mr. Beem claims that the defendants "disregarded repeated requests from him to improve his (TMJ) disorder and made only feeble attempts at best." Aplt. Op. Br. at 8.  This is simply an argument that the defendants were negligent

in treating his TMJ condition and does not state a valid claim of medical mistreatment under the Eighth Amendment.

The judgment of the district court is AFFIRMED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge